11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
In re Winston C. Kenworthy, Kenworthy 
Tank Company, L.P., and Cherokee Rental, Inc.

            No. 11-04-00046-CV -- Original Mandamus Proceeding

 
            On February 13, 2004, Winston C. Kenworthy, Kenworthy Tank Company, L.P., and
Cherokee Rental, Inc. (relators) filed a petition for writ of mandamus asking this court to direct the
70th District Court to vacate its order of January 29, 2004, granting a partial summary judgment in
Trial Court Cause No. A-113,582, styled: The Paul W. Kenworthy Trust et al v. Winston C.
Kenworthy et al. Relators also filed an emergency motion on February 13, 2004, requesting that this
court stay a hearing scheduled by the trial court for February 20, 2004, for the purpose of considering
the appointment of a trustee to oversee the winding up of Kenworthy Tank Company, L.P. (the
limited partnership). This court granted the emergency motion in an order entitled “Order Granting
Temporary Relief” entered on February 13, 2004. The Order Granting Temporary Relief further
directed the real parties in interest to file a response to the petition for writ of mandamus on or before
March 15, 2004.
            Upon further consideration of the petition for writ of mandamus and the emergency motion
for stay of proceedings, this court has determined that both the petition and motion should be denied. 
Mandamus is an extraordinary remedy, available only when a trial court clearly abuses its discretion
and when there is no adequate remedy on appeal. In re Ford Motor Company, 988 S.W.2d 714, 718
(Tex.1998); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992). Relators assert that they will not
have an adequate remedy by appeal if the trial court appoints a trustee to wind up the affairs of the
limited partnership. The Texas Civil Practice and Remedies Code provides that a party may bring
an interlocutory appeal from an order that (1) appoints a receiver or trustee or (2) overrules a motion
to vacate an order that appoints a receiver or trustee. TEX. CIV. PRAC. & REM. CODE ANN. §
51.014(a)(1)&(2) (Vernon Supp. 2004). Accordingly, it appears that relators will have an adequate
remedy by appeal if the trial court appoints a receiver or trustee. We would note in this regard that,
although the trial court has scheduled a hearing regarding the appointment of a trustee, it has not yet
appointed one. Relators’ right to an interlocutory appeal will not exist unless and until the trial court
appoints a receiver or trustee. Furthermore, this court may not enter advisory opinions on issues that
are not ripe. Texas Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 444
(Tex.1993). This court expresses no opinion, either express or implied, regarding any past rulings
taken by the trial court in the underlying proceeding or any future actions which the trial court may
undertake. 
            This court’s Order Granting Temporary Relief is withdrawn. Relators’ petition for writ of
mandamus and emergency motion for stay of proceedings are denied. 
 
                                                                                                PER CURIAM
 
February 18, 2004
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.